## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DEBORAH E. FREESE,**

      **Plaintiff,**

**v.**                                              **Case No.: 8:06-CV-1839-T-EAJ**

**MICHAEL J. ASTRUE,**

      **Defendant.**

_____/

## ORDER

Before the court are **Plaintiff's Motion for Reconsideration Under Rule 59(a) and (e)** (Dkt. 20) filed on April 8, 2008 and **Plaintiff's Uncontested Motion for Extension of Time of the Fourteen Day Period Described in Fed. R. Civ. P. 54(d)(2)(B)** (Dkt. 19) filed on March 27, 2008.

On March 24, 2008, the court issued an order reversing the Commissioner's decision and remanding the case for further proceedings consistent with the court's opinion. (Dkt. 17) The order directed the clerk to enter final judgment pursuant to 42 U.S.C. § 405(g) as a "sentence four remand," close the file, with each party bearing its own costs and expenses. (Dkt. 17 at 7) Entry of Judgment in favor of Plaintiff was entered on March 25, 2008. (Dkt. 18)

A.  Plaintiff's Motion for Reconsideration

In Plaintiff's motion for reconsideration, Plaintiff requests that the court alter or amend the March 24, 3008 order providing that each party shall bear its own costs and expenses. (Dkt. 20) Plaintiff asserts that she intends to file petitions for the award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992), and 42 U.S.C. § 406(b) based upon the subsequent award of benefits.  According to the motion, Plaintiff is concerned that the language in the court's order could be used to preclude an award of attorneys' fees.

Reconsideration of a previous order is an extraordinary remedy, one that is reserved for those instances where the facts or law are so strongly convincing as to induce the court to reverse its prior decision. Ludwig v. Liberty Mutual Fire Insur. Co., No. 03-CV-2378-T, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005) (citations omitted). Courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp.2d 1306, 1308 (M.D. Fla. 1998) (citing Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981)).

Having reviewed Plaintiff's motion for reconsideration, the court finds sufficient cause to reconsider its order of March 24, 2008. The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). This court's order remanding the case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). If the court determines that Defendant's position was substantially unjustified, Plaintiff would be entitled to attorneys' fees. Moreover, Section 406(b) of Title 42 authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings and the Commissioner on remand awards the claimant past due benefits. Bergen v. Commissioner of Social Security, 454 F.3d 1273, 1277 (11th Cir. 2006).

Here, reconsideration is appropriate because the court's March 24, 2008 could be interpreted as precluding Plaintiff from seeking an award of attorneys' fees. Thus, the court will issue an

amended order as to the relief granted and directs the Clerk of the Court to enter an amended judgment.

B.  Plaintiff's Unopposed Motion for Extension

Plaintiff requests that this court extend the 14 day period to file a claim for attorneys' fees described in Fed. R. Civ. P. 54(d)(2)(B) until thirty (30) days after the date Plaintiff is served with the notice of the amount of past due benefits awarded.  (Dkt. 19)  Defendant has no objection to this motion.  (Dkt. 19 at 2)

In Bergen, the Eleventh Circuit recommended that claimants avoid any confusion about the procedural framework of a fee award under 42 U.S.C. § 406(b) by moving the district court for an extension of the 14 day period described in Rule 54(d)(2)(B).  Bergen, 454 F.3d at 1278, n. 2.  Thus, the court grants in part Plaintiff's motion for extension.  Should Plaintiff ultimately prevail upon remand to the Social Security Administration, any motion for attorneys' fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED**:

(1)     **Plaintiff's Motion for Reconsideration Under Rule 59(a) and (e)** (Dkt. 20) is **GRANTED**.  The court will issue an amended order as to the relief granted and directs the Clerk of the Court to enter an amended judgment consistent with the amended order.

(2)     **Plaintiff's Uncontested Motion for Extension of Time of the Fourteen Day Period Described in Fed. R. Civ. P. 54(d)(2)(B)** (Dkt. 19) is **GRANTED in PART**.

3

**DONE AND ORDERED** in Tampa, Florida on this 18th day of April, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge