## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DEBORAH E. FREESE,**

    **Plaintiff,**

v.                                                                         **CASE NO. 8:06-CV-1839-T-EAJ**

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**
_____/

### AMENDED FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, the exhibits filed, and the pleadings and memoranda submitted by the parties.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405 (g) (2003). Substantial evidence is "such relevant

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 7).

evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979)[3] (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed an application for DIB on December 28, 2001, claiming an onset of disability beginning May 21, 2001 due to low back pain, fatigue, sleep disorder, knee and ankle pain with swelling, and depression. Plaintiff's application was denied initially, on reconsideration, and by the ALJ in a decision dated August 10, 2004. (T 14-21) The Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 4-7) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits (Dkt. 1). Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Forty years old at the time of the April 8, 2004 administrative hearing, Plaintiff has a

---

[3] Decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

bachelor's degree and is certified as a paralegal. (T 60, 536) Plaintiff has past work experience as a contract specialist, paralegal specialist, legal secretary, and bank teller. (T 15, 55) The ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability and met the insured requirements for disability through the date of the ALJ's decision. (T 15, 20)

In the decision denying benefits, the ALJ found that Plaintiff has medically determinable obesity with sleep apnea, old lumbar trauma, and suggested fibromyalgia. (T 17, 20) The ALJ found these impairments to be severe "but not 'severe' enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (T 17, 20) The ALJ further found that Plaintiff's alleged mental impairments are not severe. (T 17)

The ALJ then determined that Plaintiff retains a residual functional capacity ("RFC") for a restricted range of light work activity.[4] Specifically, the ALJ found that Plaintiff

> retains the [RFC] to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk about six hours in an eight-hour workday and sit about six hours in an eight-hour workday with pushing and pulling unlimited. [Plaintiff] is limited by occasional climbing (never ladders, scaffolds, ropes), balancing, stooping, crouching, kneeling and crawling in a job with no exposure to dangerous moving machinery or unprotected heights.

(T 19)

Relying on the testimony of a vocational expert ("VE") in response to hypothetical questions that incorporated these limitations, the ALJ concluded that Plaintiff can perform her past relevant

---

[4] Light work, defined at 20 C.F.R. §§ 404.1567(b), 416.967(b), involves the lifting of not more than twenty pounds occasionally with frequent lifting and carrying of objects weighing up to ten pounds. The regulations further provide: "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

work as a contract specialist, certified paralegal, legal secretary, and general teller. (T 19) Thus, the ALJ found that Plaintiff is not disabled as defined by the Act.

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff alleges that the ALJ erred by: (1) failing to discuss Plaintiff's award of disability retirement benefits through the Federal Employee Retirement System ("FERS"); (2) ignoring and failing to give any weight to the opinions of three treating physicians; (3) failing to articulate good cause for discrediting the opinion of one treating physician and failing to articulate any reason for not crediting the opinion of another physician; (4) failing to analyze the effect of Plaintiff's knee condition on her functioning; and (5) failing to analyze or credit Plaintiff's nonexertional limitations of pain, fatigue, and leg weakness (Dkt. 13).

**A.**   Plaintiff contends that the ALJ erred by failing to discuss FERS' determination that Plaintiff is disabled or that she was receiving FERS disability benefits when she applied for DIB. Defendant responds that the ALJ specifically acknowledged and discredited Plaintiff's FERS disability award.

Although a determination of disability by another agency is not binding on the Commissioner,[5] the Social Security Regulations plainly state that a claimant may bring evidence of

---

[5] As set forth in the Social Security Regulations:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled . . . is based on its rules and is not our decision about whether you are disabled . . . . We must make a disability . . . determination based on social security law. Therefore, a determination made by another agency that you are disabled . . . is not binding on us.

20 C.F.R. § 404.1504.

an impairment to the Commissioner's attention including "[d]ecisions by any governmental or nongovernmental agency about whether [an individual is] disabled . . . ." 20 C.F.R. § 404.1512(b)(5). The weight that the Commissioner should afford this evidence differs by circuit, but in the Eleventh Circuit the finding of disability by another agency is entitled to great weight. Falcon v. Heckler, 732 F.2d 827, 831 (11th Cir. 1984) (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1241 (11th Cir. 1983)).

The record contains evidence of Plaintiff's FERS disability determination but the ALJ failed to address it in his decision. (T 50-52, 84, 137-46) In fact, Plaintiff began receiving disability benefits under FERS on August 11, 2001 and was still determined disabled as of October 20, 2003. (T 51) The ALJ cursorily mentions the determination twice—he first observes that Plaintiff accepted a government retirement pension, then later states: "Whether [Plaintiff] is receiving temporary disability retirement, while considered, is not binding and is based on different laws and regulations." (T 16, 18) The opinion contains no further discussion of this evidence, no discussion of the proper weight to be afforded such evidence, and no analysis of the two agencies' definitions of disability. Although the FERS definition of disability may be based on different laws and regulations than the Social Security Administration's, the ALJ must still give great weight to the other agency's finding if the two definitions are construed in a like manner. See Falcon, 732 F.2d at 831 (citations omitted) (because the Florida Supreme Court construed the Florida worker's compensation law and federal social security law to operate in a like manner, the ALJ erred in failing to give great weight to the Florida agency's finding of disability).[6]

---

[6] See also Baca v. Dep't of Health & Human Svcs., 5 F.3d 476, 480 (10th Cir. 1993) (citation omitted) (findings by other agencies are entitled to weight and must be considered); Turpin v. Bowen, 813 F.2d 165, 172 (8th Cir. 1987) (citation omitted) (employer's finding of disability

Thus, the ALJ's conclusory statement that the FERS determination is based on standards different from those under the Act is not supported by substantial evidence. Remand is necessary for the ALJ to apply the correct legal standard regarding another agency's determination of disability to the evidence regarding Plaintiff's disability determination under FERS.

**B.**     Plaintiff's remaining arguments include the ALJ's alleged failure to assign the appropriate weight to physician opinions and the ALJ's alleged failure to consider certain impairments in determining Plaintiff's residual functional capacity. If remand is required on one issue raised in the case, it is unnecessary to review other objections to the ALJ's conclusion. See generally Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991). Thus, the court finds it unnecessary to address Plaintiff's remaining arguments. On remand, however, the Commissioner is reminded of the substantial body of Eleventh Circuit case law encompassing the issues that Plaintiff raises in her memorandum of law.[7]

### III.

As discussed above, remand is necessary due to errors of law at the administrative level. This court expresses no view as to what the outcome of the proceedings should be on remand. At the reopened hearing, each party shall have the opportunity to submit additional evidence.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

---

necessary for claimant to retire on a disability pension was entitled to some weight but at the least, the ALJ should have investigated the differences in the standards for determination).

[7] In particular, the Commissioner shall apply the precedent in this circuit regarding fibromyalgia and the unique nature of this disease process when considering disability under the Act. See generally Moore v. Barnhart, 405 F.3d 1208, 1211-12 (11th Cir. 2005); Stewart v. Apfel, No. 99-6132, 245 F.3d 793, 2000 U.S. App. LEXIS 33214, at **8-9 (11th Cir. 2000) (citation omitted); Morrison v. Barnhart, 278 F. Supp. 2d 1331, 1335-36 (M.D. Fla. 2003).

(1) The Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings consistent with the foregoing; and

(2) The Clerk of Court is directed to enter an amended final judgment pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and thereafter to close the file. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993). The amended final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorneys' fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. See Bergen v. Commissioner of Social Security, 454 F.3d 1273, 1278, n.2 (11th Cir. 2006).

**DONE AND ORDERED** in Tampa, Florida on this 18th day of April, 2008.

_____
ELIZABETH A JENKINS
United States Magistrate Judge